**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NO NAME GIVEN LINA; WAHYU
CAHYADI TANG,

              Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

              Respondent.

No. 09-73499

Agency Nos.   A088-223-589
               A088-223-588

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

    Lina and Wahyu Cahyadi Tang, natives and citizens of Indonesia, petition

for review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's decision denying their application for asylum,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Lina claimed mistreatment on multiple occasions by native Indonesians because of her Chinese ethnicity, including numerous instances of groping on crowded buses when she was a child, one robbery at knife-point, and one occasion when she was physically injured. Substantial evidence supports the BIA's finding that these events, even viewed cumulatively, do not rise to the level of past persecution. *See id.* at 1060 ("We cannot say... that a reasonable factfinder would be compelled to conclude that these experiences, without more, cumulatively amount to past persecution.") (citations and internal quotations omitted). Substantial evidence also supports the BIA's finding that even under a disfavored group analysis Lina did not demonstrate sufficient individualized risk of persecution. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009). Accordingly, her asylum claim fails.

Because Lina failed to establish eligibility for asylum, she necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Lina does not challenge the agency's denial of her CAT claim. *See*

*Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not

supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED.**